JOHN CAIRNEY *vs.* HAROLD COOK.

Middlesex.    January 8, 1929. — February 26, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence,* Contributory, Motor vehicle.    *Evidence,* Of failure to sound horn.

At the trial of an action by a boy eight years of age against the driver of a motor vehicle for personal injuries received when the plaintiff was struck by the vehicle, there was evidence that the plaintiff was walking fast on a sidewalk, looking straight ahead, across its intersection with an alley, entering from the plaintiff's left, on which the defendant's vehicle was approaching; that obstructions hid the vehicle from the plaintiff's view and the plaintiff from the defendant's view; that the vehicle was four feet wide and was proceeding at the rate of from five to seven miles an hour in the middle of the alley, which was ten or twelve feet wide; that when the plaintiff saw the vehicle, he took two steps forward and was struck by its left front mudguard and thrown into the gutter, and that the vehicle stopped about two feet from where the plaintiff lay.    Companions of the plaintiff, walking a few feet behind him, testified that they heard no horn sounded by the driver of the motor vehicle.    The defendant testified that he knew that at that hour children would be going home from school.    The judge, subject to an exception by the plaintiff, ordered a verdict for the defendant.    *Held,* that

(1) The testimony by the plaintiff's companions warranted a finding that the defendant did not sound a horn;

(2) Apart from the provisions of G. L. c. 231, § 85, a finding would have been warranted that the plaintiff was in the exercise of such care as might reasonably be expected of a child of that age;

(3) Findings were warranted that the defendant was negligent in not giving any warning of his approach or taking any precautions to ascertain whether anyone on the sidewalk was about to cross the

alley, or in not seeing the plaintiff and then driving his vehicle to the right behind the plaintiff and thereby avoiding striking him, or in not seeing the plaintiff and stopping before striking him;

(4) The action should have been submitted to the jury.

TORT by a boy eight years of age for personal injuries received when he was struck by a motor vehicle driven by the defendant. Writ dated July 8, 1926.

In the Superior Court, the action was tried before *Dillon*, J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*S. P. Sears*, (*E. K. Nash* with him,) for the plaintiff.

*D. H. Fulton*, for the defendant.

CROSBY, J. The plaintiff, a boy eight years of age, was struck and seriously injured while travelling on a sidewalk on Hawkins Street, a public way in Somerville, by a motor vehicle operated by the defendant out of an alley intersecting the sidewalk. There was evidence that as a result of the accident his hearing is totally destroyed. He did not testify at the trial. At the close of the evidence the trial judge on motion of the defendant directed a verdict in his favor, subject to the plaintiff's exception.

There was evidence that while on his way home from school the plaintiff passed a building which abutted the sidewalk on his left; that the alley runs to the rear of the building; that at the corner of the building and extending to the side of the alley there was a platform which was too high for the plaintiff to see over; that as he approached the alley he was unable to obtain a view of it or of an approaching automobile until he had passed the platform. There was further evidence that the sidewalk from the curb to the platform was six or seven feet wide and that the alley was from ten to twelve feet wide.

Two of the plaintiff's witnesses were his schoolmates who were walking a few feet behind him as he started to cross the alley. These boys testified that the plaintiff was walking fast, looking straight ahead, and when he was about halfway across the alley the motor vehicle, driven by the defendant, reached the sidewalk; that the plaintiff saw it and took two

steps forward to avoid it but was struck by the front left mudguard and knocked into the gutter; that they heard no horn sounded by the driver of the motor vehicle; and that it stopped about two feet from where the boy was lying.

The defendant testified that he was familiar with the alley and the place of the accident; that the plaintiff was not tall enough to see over the top of the platform; that at the hour when the accident occurred he knew children would be going home from school and there were many children living in that vicinity; that in coming out of the alley he stopped, for about a second, about seven feet from the corner of the building and threw the car into low speed, and did not stop again until he came in contact with the plaintiff; that when he was seven feet back from the corner of the building he could not see the plaintiff coming along the sidewalk, and did not know whether he was around the corner of the platform or not; that as he passed over the sidewalk and struck the plaintiff he was going from five to seven miles an hour, and that at that rate of speed he could stop his car within two feet; that he did not see the plaintiff before he struck him; that the plaintiff was walking in the center of the sidewalk and at the time of the accident the witness was driving in the center of the alley; that the width of the motor vehicle was about four feet. He further testified that he blew the horn before and until the plaintiff was struck. The jury viewed the place of the accident. The bill of exceptions contains all the material evidence.

The first issue to be considered is whether upon the evidence the question of the due care of the plaintiff should have been submitted to the jury. He was rightfully going along the sidewalk, and until he had passed the corner of the building and was at the edge of the blind alley he had no view of it. He was walking fast, but it does not appear that he was running or walking at an unreasonable speed. His schoolmates were directly behind him, and one of them testified that he was "looking straight ahead." The effect of this testimony is that his face was not turned either to the right or to the left. When so walking it is apparent that he would be able to see an approaching automobile within his line of vision

coming out of the alley. It could be found that the defendant did not sound his horn or give any signal of his approach before the plaintiff was struck. The testimony of the two boys who were directly behind the plaintiff, that they did not hear any horn sounded, could not, under the circumstances, be merely negative and of no probative value. When the defendant drove out of the alley and struck the plaintiff there was evidence that the boys were but a few steps behind the plaintiff and a short distance from the motor vehicle as it approached the sidewalk. In these circumstances it is a reasonable inference that if the horn had been sounded their attention would have been attracted and they would have heard it. It follows that the testimony that they did not hear it is evidence that it was not sounded. *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386, 387, 388. *Doherty* v. *Boston & Northern Street Railway,* 207 Mass. 27, 29. *Hough* v. *Boston Elevated Railway,* 262 Mass. 91, 94, and cases cited.

The plaintiff, upon undisputed evidence, was about halfway across the alley and nearly beyond the motor vehicle before he was struck by the left mudguard. He had a right to rely to some extent upon the assumption that a motor vehicle would not be driven out of this alley at a time when persons were likely to be passing without some signal being given of its approach. We are of opinion that apart from the due care statute, G. L. c. 231, § 85, it could be found that the plaintiff was in the exercise of such care as might reasonably be expected of a child of that age. *Beale* v. *Old Colony Street Railway,* 196 Mass. 119, 123, 124. *DiRienzo* v. *Goldfarb,* 257 Mass. 272, 280. *Huffam* v. *Paquin,* 259 Mass. 191.

Whether the defendant was negligent also was a question of fact to be determined by the jury. Although the speed of the motor vehicle at the time of the accident under ordinary circumstances would not be unreasonable or excessive, yet. the jury could find that the defendant knew the vehicle could not be seen by a traveller on the sidewalk until he had passed the corner of the building; that the defendant drove upon the sidewalk without sounding the horn or giving any warning

of his approach or taking any precautions to ascertain whether any one on the sidewalk was about to cross the alley. Upon such findings a conclusion would be warranted that the plaintiff's injuries were due to the defendant's negligence. It also could be found that in view of the width of the alley the defendant, if he had exercised reasonable care, could have driven his car to the right behind the plaintiff and thereby avoided striking him. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516, 518.

Although the defendant testified that he did not see the plaintiff until he was struck and knocked down, it could be found that he was within view of the defendant before the motor vehicle reached the sidewalk; that the defendant could have come to a stop before crossing the sidewalk and that his failure to do so was negligence. *Hennessey* v. *Taylor,* 189 Mass. 583, 587. *Beale* v. *Old Colony Street Railway, supra. Dowd* v. *Tighe,* 209 Mass. 464. *Ayers* v. *Ratshesky,* 213 Mass. 589. *Tenney* v. *Reed,* 262 Mass. 335. *Slora* v. *Streeter & Sons Co.* 264 Mass. 586.

*Exceptions sustained.*