LAURA A. WHITE *vs.* JAMES F. CALCUTT & another.

Norfolk.   November 15, 1929. — November 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Contributory, Motor vehicle, In use of way.   *Proximate Cause.*

At the trial of an action of tort for damage to the plaintiff's automobile, there was evidence that the plaintiff was following the defendant's automobile upon a street, twenty-three feet wide, which was wet and

slippery; that the defendant slowed down and turned to the left off the road without giving a signal; that, before making the turn, he saw a third automobile coming toward him about two hundred feet away; that the plaintiff knew of the defendant's intention to turn and practically came to a stop; that the plaintiff did not see the third automobile until the defendant's turn had been completed; that the operator of the third automobile, proceeding at ten to fifteen miles an hour, did not see the defendant's automobile until it was just in front of him at right angles to his automobile; and that, in order to avoid striking the defendant's automobile, he applied the brake and turned quickly to the left, whereupon his automobile skidded across the road and collided with the plaintiff's automobile. *Held*, that

(1) The question, whether the plaintiff was guilty of contributory negligence, was for the jury;

(2) The question of the defendant's negligence also was for the jury: a finding was warranted that he should have given a signal to warn the operator of the third automobile of his intention to make the turn to the left;

(3) The collision properly could have been found to have been a proximate result of the defendant's negligence: the fact that his automobile did not collide with that of the plaintiff was immaterial.

TORT. Writ dated October 1, 1924.

Material evidence at the trial in the Superior Court before *McLaughlin*, J., is stated in the opinion. At the close of the evidence, the judge denied a motion by the defendant Woodman that a verdict be ordered in his favor. The jury found for the plaintiff against both defendants in the sum of $611.17. The judge reported the action for determination by this court.

*W. I. Badger*, for the defendants.

*G. W. Abele*, for the plaintiff.

CROSBY, J. This is an action of tort, brought jointly against the defendants Calcutt and Woodman, to recover for property damage occurring to the plaintiff's automobile through collision on the Wollaston Boulevard, in Quincy, with an automobile owned by the defendant Calcutt. At the conclusion of the evidence, the defendant Woodman filed a motion that the judge direct a verdict in his favor. The motion was denied subject to his exception. Full and appropriate instructions were given to the jury to which no exception was taken. The jury returned a verdict against both defendants. The trial judge reported the case to this court

for the determination of the correctness of his refusal to grant the motion of the defendant Woodman. There is little dispute as to what occurred preceding the time of the accident.

On evidence most favorable to the plaintiff, it could have been found that on the day in question the plaintiff's car, operated by her brother, had followed an automobile owned by the defendant Woodman, and operated by one Tuttle, southerly for half a mile on the boulevard, along the edge of the beach, the ocean being at the left. Under the metropolitan park regulations automobiles were permitted to be parked between the road and the ocean at right angles with the road. The surface of the boulevard was macadam, and was twenty-three feet wide from the curb at the inland side to the gutter at the water side, with space enough for three cars abreast; it was substantially level for several hundred feet on either side of the place where the accident occurred, and curved slightly to the left in the direction the plaintiff's car was proceeding. It had been raining, and the surface of the road was wet and slippery. It was Tuttle's intention to make a left hand turn across the boulevard and park the Woodman car on the beach. Shortly before the accident he gave a hand signal and started to turn, when a third car, proceeding in the same direction at a high rate of speed, "shot" by both cars cutting Tuttle off from the beach; he thereupon slowed down, proceeded about two city blocks, and then turned off the road to the left without giving another signal. He testified that he crossed the boulevard and had got his car entirely on to the reservation before he heard the sound of a crash. He further testified that before making the second turn he had a view of the boulevard ahead of him for three or four hundred feet, and saw the Calcutt car coming toward him about two hundred feet away; that he was looking "pretty intently" toward the beach for a parking space. The plaintiff's brother testified that he knew of Tuttle's intention to make the turn, and was operating his car with this in mind; that it was not until the turn had been completed that he saw the defendant Calcutt's car

coming in the opposite direction and that it slued or skidded across the road and came forcibly in contact with the left front of the plaintiff's car which had practically come to a stop. Calcutt testified that he was proceeding at a speed of ten or fifteen miles an hour, and did not see the Woodman car until it was sixteen or eighteen feet in front of him at right angles with his car; that to avoid striking it he turned quickly to his left and applied his brakes causing his car to slue and strike the plaintiff's car.

The question, whether the driver of the plaintiff's automobile was negligent was one of fact and was properly submitted to the jury. It could have been found that he was unable to see the Calcutt car by reason of Woodman's car being in front of him and crossing the road. *Cairney* v. *Cook*, 266 Mass. 279, and cases cited.

It could not properly have been ruled that there was no evidence of negligence on the part of Tuttle in failing to give any signal before making the second turn across the road. As the driver of the plaintiff's car was aware of the intention of Tuttle to cross to the beach, he required no signal for this information, but it could have been found that in the exercise of reasonable care a signal should have been given before Tuttle began to turn sufficiently to call Calcutt's attention to the fact that the turn was to be made, and that, if Calcutt had heeded such a signal, he could have stopped his car or slowed its speed and thereby have prevented the accident. The giving of such a signal is for the benefit of those who may be in front or behind the driver of a motor vehicle. The fact that the car of Woodman did not collide with the plaintiff's car is immaterial, if, as could have been found, the accident was the result in whole or in part of the negligence of Woodman's driver. Ordinarily where a collision occurs between travellers upon a highway the issues of due care on the part of the plaintiff and of negligence of the defendant are for the jury. *Hennessey* v. *Taylor*, 189 Mass. 583, 584. We find nothing in the record in the case at bar to take it out of the general rule. *Hennessey* v. *Taylor*, 189 Mass. 583.

*Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516. *Keaveny* v. *Moran*, 208 Mass. 277. *Linnane* v. *Millman*, 261 Mass. 491. *Cairney* v. *Cook, supra.* The motion of the defendant Woodman was rightly denied.

In accordance with the terms of the report the entry must be

> *Judgment on the verdict.*