ALBERT H. CLAY *vs.* POPE & COTTLE CO.

Worcester.   September 23, 1930. — October 3, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence*, In use of way, Motor vehicle, Contributory, Violation of statute.

At the trial of an action of tort for personal injuries resulting from a collision between an automobile operated by the plaintiff and a truck operated by an agent of the defendant, the plaintiff testified that he approached the truck from the rear while travelling between forty and forty-five miles per hour; that the road was clear and there were no other vehicles in sight; that, as he reached a point fifty to seventy yards back of the truck, he blew his horn and then increased speed to pass the truck; that between the time he started to pass until he got up to the truck he saw no signal from anyone on the truck to indicate that it was about to turn; that he saw no arm extended; that he did not see the truck turn to indicate that it was going into a road intersecting the highway to the left; and that as he passed the truck, he felt a blow at the rear of his automobile on the right side. The driver of the truck testified that the plaintiff did not sound his horn; that he looked back when forty feet from the intersecting road and saw the plaintiff's automobile two hundred yards away; that about five feet farther along he put out his "left arm, held it there"; that just as he started to turn into the intersecting road he glanced at his mirror and nothing was in sight; and that he had proceeded about five feet farther and had reached the crown of the road when the plaintiff's automobile came along on his left, struck the left front part of the truck and shot across the road into a tree. *Held*, that

(1) Although it was evidence of negligence on the plaintiff's part if he violated the provisions of G. L. c. 90, § 14, as amended by St. 1925, c. 305; § 17, or of G. L. c. 89, § 8, as amended by St. 1926, c. 330, § 1, nevertheless the questions, whether such violations contributed to the accident as a cause, or were only attending circumstances, were for the jury;

(2) The question, whether the plaintiff was guilty of contributory negligence, was for the jury;

(3) On the evidence, it could not properly have been ruled as a matter of law that the driver of the truck was not negligent: the plaintiff's testimony warranted a finding that the driver was negligent;

(4) The testimony by the driver that he looked back before he turned but did not observe the plaintiff's automobile although his view was

unobstructed, warranted a finding either that he did not look behind him, or, if he did so, that his failure to see the plaintiff was due to carelessness on his part;

(5) A verdict for the plaintiff was warranted.

TORT.  Writ dated June 12, 1928.

Material evidence at the trial in the Superior Court before *Thayer, J.,* is stated in the opinion.  The judge denied a motion by the defendant that a verdict be ordered in its favor.  There was a verdict for the plaintiff in the sum of $6,800.  The judge reported the action for determination by this court.

*C. C. Milton,* (*S. B. Milton* with him,) for the defendant.

*E. W. Baker,* for the plaintiff.

CROSBY, J.  The plaintiff brings this action to recover for personal injuries, and for damage to his automobile resulting from its collision with a truck owned by the defendant.  At the close of the evidence the defendant filed a motion for a directed verdict, which was denied subject to its exception. The jury returned a verdict for the plaintiff.  The case is reported to this court with the stipulation that if the judge erred in submitting the case to the jury, judgment is to be entered for the defendant; otherwise judgment is to be entered on the verdict.

The accident occurred April 20, 1928, on Elm Street in Concord, the main highway between Boston and Fitchburg, near its intersection with Crescent Road, a street leading off Elm Street on the south.  The plaintiff testified on direct examination that he was familiar with the locality and at the time of the accident was driving through Concord towards Fitchburg; that it was a dry, clear day; that as he came out of Concord he saw the truck about four or five hundred feet ahead of him, travelling on the right side of the road in the same direction as he was; that as he reached a point fifty to seventy yards back of the truck he turned to the left to pass it; that there were no other cars in sight; that there was nothing to obstruct his view and he had a clear road; that he blew his horn and then stepped on the accelerator to pass the truck; that between the time he started to pass until he got up to the truck he saw no signal from anyone on

the truck to indicate that it was about to turn; that he saw no arm extended; that he did not see the truck turn to indicate that it was going into Crescent Road; that he was conscious of something striking the rear of his automobile and that was the last he remembers. He further testified that before he turned to the left side of the road to pass the truck he looked ahead; that as he passed the truck he felt a blow which seemed to be at the rear of his car on the right side; that at that time the place where he was sitting in his automobile was a little past the front of the truck which was near the rear of his car; that when the accident occurred there was no vehicle on the road except the truck and his automobile; that when he came up behind the truck on the left preparing to pass it, he was going between forty and forty-five miles an hour; that his car was new and its brakes were in good condition; that he was not using them at the time of the accident; that he saw two men on the back of the truck facing him.

A witness testified that he was in the employ of the defendant and was the driver of the truck at the time of the accident; that in making a turn to the left with a truck of that type it was necessary to make a very wide sweeping turn; that as he approached Crescent Road his speed did not exceed fifteen miles an hour; that before starting to make the turn and when forty feet from Crescent Road, he looked back; that there was no car in sight except one coming toward him and about two hundred yards away; that about five feet farther along he put out his "left arm, held it there"; that just as he started to make the turn into Crescent Road he glanced at the mirror and nothing was in sight; that he had proceeded about five feet farther and had reached the crown of the road when the plaintiff's automobile came along on his left, at a distance of eighteen inches to two feet away, and struck the left front wheel and left front mudguard of the truck and shot across the street into a tree twenty-five to thirty feet away. This witness further testified that when the contact came his truck was moving at a speed of five miles an hour; that no horn was blown by the plaintiff and that the speed of the plaintiff's car was from fifty to sixty

miles an hour when it struck the tree; that the truck stopped in four feet.

A witness testified that he was riding on the back of a trailer attached to the truck with another man and was looking backwards; that he saw the plaintiff's automobile coming toward the truck at a speed of between fifty and sixty miles an hour; that its right front mudguard struck the left mudguard of the truck; that the plaintiff did not sound his horn as he approached or passed the truck; that he did not know whether the driver of the truck put out his hand or not.

Another witness testified that he was in the defendant's employ, and at the time of the accident was riding on the seat of the truck next to the driver; that all he saw of the automobile was when it struck the tree; that there was no damage to its right rear mudguard but that the right front mudguard was damaged; that there was a slight dent on the hub cap of the truck and a scratch on its left front mudguard; that he could not say whether the driver of the truck put out his hand or not.

There was evidence which would warrant a finding that the plaintiff sustained serious personal injuries resulting from the collision, and that his automobile was practically destroyed.

The defendant states in its brief that it does not contend that a speed of forty to forty-five miles an hour was evidence of gross negligence on the part of the plaintiff. It contends that the plaintiff's violation of law, and the other evidence, show contributory negligence on his part as matter of law. It is also the contention of the defendant that the evidence did not warrant a finding of negligence on the part of the driver of the truck. These two questions are presented for our decision.

If the part of the way over which the plaintiff operated his automobile as it approached the truck was a "thickly settled or business district" as defined by G. L. c. 90, § 1, it is manifest that he violated the provisions of that statute. If it be assumed that the plaintiff violated the provisions of G. L. c. 90, § 14, as amended by St. 1925,

c. 305; § 17, or of G. L. c. 89, § 8, as amended by St. 1926, c. 330, § 1, it was evidence of negligence. Whether violations of these statutes regulating the operation of motor vehicles on public ways contributed to the accident as a cause, or were only attending circumstances, and whether the plaintiff was wanting in due care or was guilty of contributory negligence in attempting to pass the truck as, where and when he did were questions of fact. The evidence in the case at bar brings it within the general rule that when a collision occurs at intersecting streets between motor vehicles, the plaintiff's care and the defendant's negligence generally present questions of fact for a jury. *Salisbury* v. *Boston Elevated Railway*, 239 Mass. 430. *Dillon* v. *Plimpton*, 239 Mass. 588. *Daris* v. *Middlesex & Boston Street Railway*, 241 Mass. 580. *Bogert* v. *Corcoran*, 260 Mass. 206, 209. *Coates* v. *Bates*, 265 Mass. 444, 449. *Gallup* v. *Lazott*, 271 Mass. 406.

Upon the conflicting evidence, the jury could have found that the sole cause of the accident was the sudden turning of the truck to the left toward Crescent Road without the giving of any signal by the driver, by holding out his hand or otherwise.

We are of opinion that it could not have been ruled as matter of law that the driver of the truck was not negligent. In the absence of any provision of statute, if the driver of a motor vehicle turns suddenly to the left for the purpose of entering an intersecting street without giving any signal or warning of his intention to do so and collides with another vehicle, such conduct may be found to be negligence. "A person operating a motor vehicle upon a public way may be found to be lacking in due care if he fails to give a timely signal with his horn or other device, if reasonable care on his part requires such signal to be given to protect other travellers from being injured by him at places on the highway other than those specifically enumerated in the statute." *Di Rienzo* v. *Goldfarb*, 257 Mass. 272, 281. *White* v. *Calcutt*, 269 Mass. 252, 255.

If the jury believed the testimony of the plaintiff, it could have been found that he seasonably signalled the

driver of the truck of his intention to pass when he was from fifty to seventy yards in the rear of the truck; that the driver, without any previous warning or signal to the plaintiff, and when the plaintiff was on the left side of the road and had nearly passed the truck, turned suddenly to his left and struck the right rear end of the plaintiff's car, forcing it off the road and into a tree. The testimony of the driver of the truck, that he looked back several times before he turned but did not observe the plaintiff's car although his view was unobstructed, warranted a finding either that his mirror was out of order or that he did not look behind him, or, if he did so, that his failure to see the plaintiff was due to carelessness on his part. *Haynes* v. *Boston Elevated Railway*, 204 Mass. 249. *Gibb* v. *Hardwick*, 241 Mass. 546, 548. Upon the question of negligence of the defendant, the case is governed in principle by *Seymour* v. *Dunville*, 265 Mass. 78.

As a verdict could not rightly have been directed for the defendant, the entry in accordance with the report must be

*Judgment on the verdict.*