WILLIAM J. GOLDEN *vs.* LOUIS CARNEVALE.

Hampden.     October 2, 1930. — November 24, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & FIELD, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory. *Proximate Cause.*
   *Evidence*, Competency.

At the trial of an action of tort for damage to the plaintiff's automobile, findings, that the plaintiff was not guilty of contributory negligence, that the defendant was negligent and that his negligence was the proximate cause of the damage, and a finding for the plaintiff, were warranted on evidence that, as the plaintiff was driving his automobile on a street at twenty to twenty-five miles an hour and had arrived at a point almost abreast of an automobile operated by the defendant, which was parked four or five feet to the left of the center of the street and facing in the direction in which the plaintiff was going, the defendant suddenly and without warning or signal started his automobile and turned it toward the center of the street, "the side of the road on which the plaintiff was traveling"; that the plaintiff turned to the right and applied his brakes and then, to avoid hitting a pole in front of him, turned to the left, skidded, turned completely around and came in collision with a tree and a pole on that side of the street; and that there was no collision between the two automobiles.

There was no error in admitting, at the trial above described, a question asked of the plaintiff by his attorney, "What warning did . . . [the defendant] give, if any, before starting his car?" and the plaintiff's answer thereto, "He gave no warning."

TORT for damage to the plaintiff's automobile. Writ in the District Court of Springfield dated June 30, 1928.

Subject to objection and claim of a report by the defendant, the judge at the trial in the District Court admitted the following testimony by the plaintiff: Q. "What warning did he (meaning the defendant) give, if any, before starting his car?" A. "He gave no warning."

Other material evidence is stated in the opinion. The judge refused the following requests by the defendant for rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. On the law and the evidence the plaintiff is not entitled to recover in this action."

"4. If the court finds that the defendant's car did not come in contact with the plaintiff's car then the plaintiff has failed to show any negligence on the part of the defendant as the proximate cause of such injuries as he may have sustained.

"5. If the plaintiff was operating his automobile at a speed between twenty and twenty-five miles an hour at the corner of Brookfield and East Streets in the town of Ludlow when the alleged accident occurred he is not entitled to recover in this action, unless he has satisfied the court that there was some cause which made it necessary for him to operate his automobile at that speed.

"6. The plaintiff in this action has not offered any sufficient explanation for the rate of speed at which he was driving when the accident occurred."

The judge found for the plaintiff in the sum of $283.75 and reported the action to the Appellate Division for the Western District. The report was ordered dismissed, and the defendant appealed.

*T. H. Kirkland,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

CARROLL, J. The plaintiff, operating his automobile, was going in a westerly direction on East Street, in Ludlow, at the rate of twenty to twenty-five miles an hour. The defendant's automobile was parked four or five feet south of the center of East Street facing west. There was evidence that "as plaintiff got almost abreast of defendant's car the latter suddenly started and turned toward the side of the road on which plaintiff was traveling"; that "there was not more than three or four feet between his [the plaintiff's] car and defendant's car as plaintiff's car passed defendant's car; that plaintiff turned to the right and ap-

plied his brakes and then to avoid hitting a pole in front of him turned to the left," skidded, turned completely around and came in collision with a tree and a pole on the south side of the street; that " the tire marks made by the right wheels of defendant's car passed to the north of the center of the road about three or four feet." It was found that the defendant started his automobile toward the center of the street without any warning. There was a finding for the plaintiff. In the Appellate Division the report was dismissed. The defendant appealed.

The care of the plaintiff was a question of fact. The defendant's negligence was also a question of fact: his car was facing west; the plaintiff was moving in this direction; the defendant turned his car toward the center of the street in front of the plaintiff without giving a signal or warning, by his hand or otherwise, that he intended to take this course. This could have been found to be a negligent act. The recent case of *White* v. *Calcutt*, 269 Mass. 252, is controlling. The fact that there was no collision of the motor vehicles is not material as it could have been found that the accident resulted from the defendant's negligence. *White* v. *Calcutt, supra.* There was no error in admitting the evidence excepted to or in refusing the rulings requested by the defendant.

*Order dismissing report affirmed.*