CHARLES H. WOOD *vs.* WALTER A. SABINS & another.

Worcester.    December 7, 1933. — January 29, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory.

The evidence, at the trial of an action of tort for damages resulting from a collision which occurred at night between an automobile operated by the plaintiff and a motor truck, with a trailer attached, operated by an employee of the defendant, when the vehicles were going in the same direction on a portion of a public way having three lanes and reserved for travel in that direction only and when the plaintiff, after giving warning signals, was attempting to pass the truck on its left, and the driver of the truck, unnecessarily and without warning, turned to his left into the path of the plaintiff's automobile, warranted a finding that the driver of the truck was negligent and did not require a ruling that the plaintiff as a matter of law was guilty of contributory negligence.

TORT.   Writ dated June 7, 1932.

In the Superior Court, the action was heard by *W. A. Burns*, J., without a jury.   Material evidence is described in the opinion.   There was a finding for the plaintiff in the sum of $1,500.   The defendant alleged exceptions.

*Saul Seder*, (*D. G. O'Keefe* with him,) for the defendants.

*C. E. Tupper*, (*C. H. Wood* with him,) for the plaintiff.

DONAHUE, J.   The plaintiff has brought this action to recover for personal injuries received by him and for damage to his automobile as the result of a collision with a vehicle owned by the defendants and operated by their employee. The case was heard in the Superior Court by a judge sitting without a jury.   He found for the plaintiff and the case is here on the defendants' exceptions to the judge's refusal to rule that on all the evidence the plaintiff was not entitled to recover and that as matter of law the plaintiff was guilty of contributory negligence.

The collision occurred at night on a portion of the highway between Worcester and Shrewsbury which was used only by vehicles bound east, that being the direction in which the vehicles here involved were at the time travelling.   The testimony as to many material facts was conflicting but after the finding made by the trial judge we necessarily consider only the version most favorable to the plaintiff.

The collision occurred when the plaintiff in his sedan was passing the vehicle of the defendants at its left.   That vehicle consisted of an automobile truck with a trailer attached, its total length being about forty-two feet and its width about seven feet, ten inches.   When the plaintiff started to pass, the defendants' vehicle was in the middle of the three lanes into which the roadway was divided by dark stripes on its surface, and the plaintiff's automobile was proceeding in the left or inner lane.   When the plaintiff's automobile reached a point nearly opposite the cab of the truck the driver of that vehicle turned it to the left and onto the inner lane with the result that the two vehicles collided.   The road was dry and straight and the vicinity was well lighted.   There were no vehicles ahead of the truck and no moving vehicles at its right.   While the lane at the right of the truck was partially

obstructed by a snow bank and vehicles parked alongside it, there were twenty-one feet for the unobstructed passage of the defendants' vehicle between them and the curb at the left. There was evidence warranting the finding that the truck was in the middle lane when the plaintiff started to pass and that there was no occasion for it to turn onto the lane where the plaintiff was driving. The defendants' employee testified that he was on the middle lane and not on the inner lane at the time of the collision. He did not see through the mirrors with which the truck was provided, as he might have seen, the plaintiff's automobile while it was approaching from the rear, and he did not hear the plaintiff's horn although it had twice been loudly sounded after the plaintiff had started to pass. On all the evidence the conclusion was warranted that the defendants' driver unnecessarily and without warning turned his vehicle into the path of the plaintiff's automobile and that he was negligent. *White* v. *Calcutt*, 269 Mass. 252. *Clay* v. *Pope & Cottle Co.* 273 Mass. 40. *Kzcowski* v. *Johnowicz*, 287 Mass. 441.

The evidence as to the plaintiff's conduct did not compel the judge to find that the plaintiff was negligent. When he started to pass the defendants' long vehicle the inner lane in which he travelled was unobstructed. He gave ample notice with his horn that he was in the act of passing and kept his automobile at all times within a few inches of the curb at his left. His speed was not excessive. It could not have been ruled as matter of law under the circumstances appearing that he should have anticipated that the truck driver without cause would turn onto the inner lane. As soon as the turn was made he promptly endeavored to avert a collision. It could not properly have been ruled that the defendants had sustained the burden of proving that negligence of the plaintiff contributed to cause the collision.

*Exceptions overruled.*