MARY HLADICK *vs.* OWEN J. WILLIAMS.

JOSEPHINE GHETTI *vs.* SAME.

Middlesex. November 7, 1935. — November 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory.

On evidence that when an automobile was partly over the line of an intersecting street a traffic light at the intersection turned red, whereupon the operator of the automobile stopped it suddenly without ascertaining whether there were vehicles behind him or giving any signal of his intention to stop, though there was no traffic on the intersecting street to prevent his continuing across the intersection, and that the operator of another automobile following the first was unable to stop his automobile and it collided with the rear of the first, a finding that the operator of the first automobile was negligent was warranted and a finding that one riding in the second automobile and injured in the collision was guilty of contributory negligence was not required.

Two ACTIONS OF TORT. Writs in the District Court of Natick dated September 27, 1933.

The actions were heard in the District Court by *Dexter*, J., who found for the plaintiffs in the sums, respectively, of $2,750 and $800. A report in each action was ordered dismissed by the Appellate Division for the Northern District. The defendant appealed.

The defendant's first and second requests for rulings were to the effect that there was no evidence of his negligence and that the plaintiffs were not in the exercise of due care.

*M. Z. Kolodny*, (*M. T. Prendergast* with him,) for the defendant.

*W. H. Healey*, for the plaintiffs.

CROSBY, J. In these actions the plaintiffs seek to recover for personal injuries severally sustained by them, as the result of a collision between an automobile in which they were riding and an automobile operated by the defendant.

There was evidence tending to show the following facts: At about 9:35 in the evening of May 7, 1933, the plaintiffs were passengers in an automobile operated by one Webb on Circumferential Highway, in Dedham, in this Commonwealth. They were following an automobile operated by the defendant, and about twenty to twenty-five feet behind it. When these two automobiles approached the intersection of routes 109 and 128, lights controlled the traffic. There were no motor vehicles directly ahead of the defendant, and as he approached the traffic light, it turned red and he stopped in the middle lane nearest the center line of the street, and on the right side thereof. He had stopped a few seconds when his automobile was struck in the rear by the automobile in which the plaintiffs were riding, and the defendant's automobile was moved ahead several feet, throwing his wife to the floor. As he approached the intersection he did not know whether or not there was an automobile behind him; he did not look in his mirror or turn to see; he was not paying attention to any automobile in the rear, but was looking ahead. His attention was on motor vehicles that might come from his right or left. He did not anticipate any accident. He did not put his hand out, or sound his horn, or give any signal that he was going to stop as he approached the intersection, except by applying his foot brake which operated the stop light at the rear of his automobile. When he arrived at the intersecting line of the streets there was no cross traffic to prevent his going through. It further appeared that both rear "bumperettes," the tire carrier and cover, and the rear right fender of the defendant's automobile, as well as the front end of the automobile in which the plaintiffs were riding, were damaged. The defendant's rear stop light was not broken as a result of the accident but was working. He testified that he could not state the number of feet within which he could stop his automobile but knew he could bring it to an immediate stop; that he was travelling twenty-five to thirty miles an hour at a distance of two hundred feet before he reached the place of the accident; that he did not remember whether he saw a yellow light or not. The defendant's wife, who

was riding on the front seat beside her husband, testified that the light turned red as they reached the intersection; that after the accident both motor vehicles were within the intersection, her husband's automobile being in front of the other; and that there was a terrific blow which threw her to the floor.

Charles Webb, the owner and operator of the automobile in which the plaintiffs were riding, testified that he followed the defendant about a quarter of a mile and was about twenty feet behind him and travelling at about the same speed of twenty-five to thirty miles an hour; that when he was forty feet from the intersection the signal light was green; that when he was within twenty-five feet of the intersection a third automobile passed on the left and drew up even with the defendant and continued along through the intersection; that the defendant passed over the intersecting line, and, when approximately two thirds the length of his automobile was over the intersecting line, came to a sudden stop, the traffic light having turned red; that the witness was unable to stop in time to avoid a collision; that owing to the rate of speed the defendant was travelling, and the absence of any signal or warning he believed the defendant was going to continue through the intersection; that he had no idea that the defendant was going to stop; and that when the light flashed red the defendant's automobile was already one half its length across the intersecting line. This witness further testified that he saw a tail light on the defendant's automobile, but did not see any stop light that was working; that both automobiles were going fifteen to twenty miles an hour when they crossed the intersecting line; and that there was nothing which he (the witness) could do to avoid an accident except to apply his brakes.

Upon the evidence the trial judge could have found that when the light turned red the defendant's automobile was partly over the line of intersection and came to a sudden stop without any signal being given by the defendant, by putting out his hand or otherwise, that he intended to stop; that there was no traffic crossing the street to prevent the

defendant continuing through the intersection; that he did not look in the mirror on his car to see whether any automobile was coming behind him; that the plaintiffs were in the exercise of due care; and that the defendant was negligent. In the opinion of a majority of the court the due care of the plaintiffs and negligence of the defendant were questions of fact. There was no request for a ruling respecting the effect on the rights of the plaintiffs of the fact that the driver of the automobile in which they were riding was "found guilty of driving so as to endanger." That fact did not require a finding of contributory negligence on the part of the plaintiffs. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309. It follows that the defendant's first and second requests were rightly refused. There was no prejudicial error in the disposition made of the other rulings requested by the defendant. *White* v. *Calcutt*, 269 Mass. 252, 255. *Clay* v. *Pope & Cottle Co.* 273 Mass. 40, 44. *Golden* v. *Carnevale*, 273 Mass. 159, 161. *Caron* v. *Lynn Sand & Stone Co.* 270 Mass. 340, 346.

*Order dismissing report affirmed in each case.*