Morton, J.
This is an action of tort in which the plaintiff seeks to recover damages for injuries to his automobile *379 caused by a collision with an automobile operated by tbe defendant. Tbe answer was a general denial, a plea of contributory negligence, and tbat tbe conduct of the plaintiff was wilful and reckless.
Tbe evidence tended to show tbat tbe plaintiff, on October 22,1935, was tbe owner of tbe motor vehicle in question, which be permitted one Joseph Polcari to use for bis own benefit, and tbat Joseph, in turn, permitted one John Luzaitis to operate tbe car, and be was operating it at the time of tbe collision. Joseph Polcari was not an agent, servant or employee of tbe plaintiff.
Upon tbe evidence reported it could have been found tbat tbe defendant parked bis car on tbe right-band side of a broad highway and, at about 9:00 p. m., started it and made a left-hand turn without giving any signal; tbat while be was making such turn be saw tbe plaintiff approximately fifty feet away and immediately stopped and tbe collision occurred. There was conflicting evidence as to tbe speed at which tbe automobile of tbe plaintiff was being operated. Tbe court found specifically tbat tbe defendant was not negligent, and tbat tbe operator of the plaintiff’s car was negligent, and found for tbe defendant.
Several requests for rulings were filed by tbe plaintiff of which tbe seventh and eleventh are as follows:
“7. If it is found tbat tbe defendant failed to give any signal or warning, by band or otherwise, of bis intention to make a left £U’ turn on Alford Street, Charlestown, Mass., before leaving tbe curb, then such failure is evidence of negligence on tbe part of tbe defendant.
££11. If tbe defendant in the operation of bis motor vehicle on a public way failed to give a timely signal with bis born or otherwise, and reasonable care on bis part required such a signal to be given to protect other travellers from being injured in their person or property by him, then tbe defendant may be found to have *380 been lacking in the exercise of due care and to have been negligent.”
These were denied without comment or explanation. In disposing of the other requests the court correctly instructed himself that the plaintiff would not be barred from recovery if the damages were caused by the joint negligence of his bailee and the defendant. We think, however, that the denial of the requests, above set forth, without comment, was prejudicial error.' Each contains a proposition sound in law, and in the absence of specific findings of fact, we are unable to determine as to whether or not the trial court had correct principles of law in mind in denying these requests and finding for the defendant. Under the circumstances set forth in those requests there was certainly evidence of negligence. In Golden v. Carnevale, 273 Mass. 159 the evidence showed that the defendant operated an automobile from a parked position toward the center of the street without giving a signal, and with regard to that the court says at page 161:
“the defendant turned his car toward the center of the street in front of the plaintiff without giving a signal or warning, by his hand or otherwise, that he intended to take this course. This could have been found to be a negligent act.”
We cannot tell what facts were found by the trial court. The situation, therefore, is similar to that in Bresnick v. Heath, 1935 A. S. 2297. In that ease a request that there was evidence to warrant a finding for the plaintiff was denied without comment. This was held to be prejudicial error, and the court says at page 2301:
“It would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as matter of fact as the ground for denial of this request, or that the request had become immaterial because of a finding in favor of the defend *381 ant on the facts . . . That course was not pursued. It cannot he said that this was harmless error.”
In the instant case if the trial court had given as the reason for denying the seventh and eleventh requests that he found as a fact that the defendant gave a sufficient warning, or because he found in favor of the plaintiff on the facts, no error would have appeared.
In view of the uncertainty arising from the denial of these requests without comment there was prejudicial error. An order will he entered vacating the finding for the defendant and ordering a new trial.