No. 2858 Northern Suffolk, ss.

VANDERMOST (Harold Aronofsky, Jerome Weinberg)
v. GLOWKA (Cryan & Bradley)

From the Municipal Court of the Roxbury District—
Eisenstadt, J.

Argued March 31, 1941—Opinion Filed May 7, 1941

PETTINGELL, A.P.J. (Wilson, & Henchey, JJ.)—Action of tort for personal injuries, the plaintiff contending that the defendant caused the injuries by the negligent operation of an automobile. The error alleged is the denial of certain rulings requested by the defendant. The trial judge found for the plaintiff and made a finding of fact as follows: "I find as a fact that the defendant's negligence was the sole cause of the accident."

The report states that it contains all the evidence material to the questions reported. The rulings requested by the de-

[ 7 ]

fendant are obscurely worded and are indefinite in meaning. After consideration of them, we are of the opinion that they are to be interpreted as follows:

1. "The evidence is insufficient to warrant a finding that the defendant was negligent." This is a question of law. *Baker* v. *Davis,* 299 Mass. 435.

2. "The plaintiff was not in the exercise of due care." In addition to the objection that this request does not comply with Rule 27 of the District Court Rules (1940 Ed.) requiring specifications, the request actually is for a finding of fact. *Ashapa* v. *Reed,* 280 Mass. 514. There are no facts appearing which take it out of the ordinary rule and make it a question of law. *Haldick* v. *Williams,* 292 Mass. 470, at 783. *Weiner* v. *Egleston Amusement Co.* 292 Mass. 83, at 86. The trial judge could not be required to make such a finding by a request to that effect. *Ashapa* v. *Reed,* 280 Mass. 514. *Wrobel* v. *General Accident, Fire & Assurance Corp. Ltd.* 288 Mass. 206. There was no error in the denial of the second requested ruling. The remaining issue is whether there was any evidence which warranted a finding of negligence Without discussing in detail all of the contradictory evidence contained in the report, there was evidence warranting a finding of facts as follows:

The plaintiff, accompanying one Mrs. Pearl Glowka, went to a certain place to await the arrival there of the defendant, the husband of Mrs. Glowka, who was suspected by Mrs. Glowka of being in the company of another woman. In time Glowka arrived in a small delivery truck which stopped at some distance from the sidewalk. The plaintiff and Mrs. Glowka approached the right side of the automobile from the rear, getting as far forward as the door of the truck. Someone opened the door of the truck, Mrs. Glowka greeted her husband, and ordered the woman with him to "come out." The defendant immediately started the truck, turning it to the right, striking the plaintiff and knocking her down. Some part of the truck back door struck her. Each of the facts above stated was testified to by one or another of the witnesses.

The trial judge warrantably could have found from the facts already recited that the defendant, surprised by his wife's appearance, attempted to get away quickly from an uncomfortable situation by suddenly starting his automobile and hastily driving off. He could have found further that in this attempt, and in turning his car to the right, without any warning, the defendant acted without regard to the rights and safety of the plaintiff, or of any other persons in the vicinity, to all of whom he owed a duty of care. In thus failing to observe whether or not anyone would be endangered by his act, and in not giving any warning before starting his truck, the defendant was negligent. *Tenney* v. *Reed,* 262 Mass. 335. Whether or not one is negligent who, without warning, turns his automobile sud-

denly in a new direction, endangering others, is a question of fact *Clay* v. *Pope & Cottle Co.* 273 Mass. 40.

There was in our opinion sufficient evidence to warrant a finding that the defendant was negligent. The denial of the defendant's first requested ruling was therefore proper. There being no prejudicial error in the disposition of either ruling requested by the defendant, the report is to be dismissed.