Pettingell, P. J.
Action of tort by a plaintiff who sues to recover property damage caused by a rear end collision. The answer is a general denial, contributory negligence,, absence of agency and illegal registration.
There was evidence tending to show that the defendant’s, automobile had been following that of the plaintiff and when the latter came to a stop, ran into it. There was conflicting evidence regarding the working of the plaintiff’s stoplight. The surface of the street was covered with snow and ice. There was a general finding for the plaintiff, and. specific findings that the defendant was negligent, and the-plaintiff in the exercise of due care. No other findings of fact were made.
The defendant relies for prejudicial error upon the denial of the following requested rulings:
‘■‘2.. There was sufficient evidence to warrant a finding for the defendant.
*399 “3. The operator of a motor vehicle is negligent when he comes to a sudden stop' and fails to signal ears behind him.
“4. The operator of a motor vehicle owes a duty to those following him, to give a seasonable warning of any change of direction or speed.”
The defendant contends that a finding that the plaintiff was contributorily negligent was warranted, but that issue is not open to him, other than as it is indirectly involved in the denial of the third and fourth requested rulings. No ruling was requested and denied which directly raises that issue and the trial judge’s general finding for the plaintiff imports a finding that the plaintiff was not contributorily negligent.
Rear end collisions usually present only issues of fact. They are not within the rule of res ipso loquitur, but slight evidence of the circumstances may place the fault. Jennings v. Bragdon, 289 Mass. 595, at 597. Hendler v. Coffey, 278 Mass. 339, at 340. Buda v. Foley, 302 Mass. 411, at 413.
In the consideration of the attendant circumstances of such a collision, however, due consideration must be given to the duties owed by the respective operators of the cars. Although the operator of the car ahead was under no duty to watch the car. behind, and might assume, under ordinary circumstances, that the operator of that car would exercise common prudence to avoid a collision, Callahan v. Boston Elevated Railway, 205 Mass. 422, at 423, a change of operation as to direction of speed places a duty on him to give a signal to the ear behind. For the duty in the case of turns, see White v. Calcutt, 269 Mass. 252, at 255. Clay v. Pope & Cottle Co., 273 Mass. 40, at 44. Golden v. Carnivale, 273 Mass. 159, at 161. Kzowski v. Johnowicz, 287 Mass. 441, at 443. Wood v. Sabins, 289 Mass. 299, at 301. Beach v. Minklay, 302 Mass. 228, at 230, 231. For that as to sudden stop *400 ping, see Hladick v. Williams, 292 Mass. 470, at 472, 473. In the latter ease the ear ahead had a stop-light which “was working”, but the Supreme Judicial Court said, at page 472, “Upon the evidence the trial judge could have found that when the light turned red the defendant’s automobile (the ear ahead) . . . came to a sudden stop without any signal being given by the defendant . . .; and that the defendant was negligent.” The general rule as to the giving of signals by a motorist is stated in DiRienzo v. Goldfarb, 257 Mass. 272, at page 281. “A person operating a motor vehicle upon a public way may be found to be lacking in due care if he fails to give a timely signal with his horn or other device if reasonable care on his part requires such to be given to protect other travellers from being injured by him at places other than those specifically enumerated in the statute”. This rule applies to the sudden stopping of an automobile. In the case under consideration, one of the attendant circumstances included the fact that the surface of the street was covered with snow and ice, a fact which required greater caution in coming to a stop, both for the safety of the car ahead and that of the ear following. The defendant’s third and fourth requests are in essence expressions of the duty which the court has stated in the quotation from DiRienzo v. Goldfarb, 257 Mass. 272. The requests as worded may not exactly state the law, but the attention of the court was definitely called by them to a principle of law underlying the facts of the case and a duty was placed upon the trial judge to show what principle of law he was applying to the facts in making his decision. Chandler v. Baker, 191 Mass. 579, at 585. Kaufman v. Sydeman, 251 Mass. 210, 217. Rooney v. Porter-Milton Ice Co. v. 275 Mass. 254, at 257. Commercial Credit Corp. v. Flowers, 282 Mass. 316, at 321, 322. Without a finding of facts made by him, it can not be assumed that the requests were re *401 fused because inapplicable in view of the facts found. Rodde v. Nolan, 281 Mass. 493, at 497. The defendant, moreover, was entitled to assurance that the trial judge applied the correct rules of law. Clarke v. Second National Bank, 177 Mass. 257, at 266, 267. Massachusetts General Hospital v. Belmont, 233 Mass. 190, at 210. The findings of the trial judge, that the plaintiff was in the exercise of due care and the defendant negligent, are not decisive of this question because of the uncertainty which exists as to the principles of law applied to whatever facts he had in mind as existing. For the purposes of this case those findings “must be laid to one side in deciding the narrow question whether there was error” in the disposition of these rulings. Buda v. Foley, 302 Mass. 411, at 413. There is not in the case under consideration, as there was in the Strong v. Haverhill Electric Co. 299 Mass. 455, at 456, evidence that the findings were made on all the evidence. They may have been made as the result of a mistaken theory of the law as to the duty of the operator of an automobile which is stopped suddenly.
In our opinion it was prejudicial error to deny these requests without explanation or findings of fact.
There was error, also, in the denial of the defendant’s second requested ruling. Whether or not the defendant was negligent was a question of fact. There was some evidence upon which the court could have found that, faced with an emergency the defendant did all that he could have done. The same uncertainty as to the rule.of law applied to the facts exists in the disposition of this request.
As there was prejudicial error in the denial of the second, third, and fourth requests, the finding for the plaintiff is to be vacated and the case is to stand for a new trial.