Hillsborough, }
Dec. 4, 1951. }  No. 4073.

KENNETH H. CRAGIN, JR. v. GARDNER B. SABINE.

*Leonard & Leonard* and *Robert J. Doyle* (*Mr. Doyle* orally), for the plaintiff.

*Alvin A. Lucier* (by brief and orally), for the defendant.

JOHNSTON, C. J. The plaintiff testified that when he was about one hundred twenty-five feet westerly of where the defendant's car stopped he noticed that the Glover car ahead of him started to slow down. The plaintiff pulled to his right within two and a half feet of the side of the highway, the traveled portion of which was eighteen feet wide. A state trooper testified that there were signs of brake marks made by the motorcycle for one hundred and twenty-four feet with a combination of skid marks for the last thirty-one feet of the distance. The defendant waited for the Glover car to go by him on the defendant's left. This was done in safety.

The plaintiff claims that as the Glover car passed the defendant the latter started to swing to the left and that all of a sudden he came to a halt. When the defendant started to move, the plaintiff was misled into thinking that he should pass on the car's right but was unable to do so because of the sudden stop. There was not sufficient distance between the car and a white post to the right of the car. At the time of the sudden stop, it was then too late for the plaintiff to follow the Glover car in passing to the left. He struck the rear bumper of the defendant's car.

The plaintiff took some care for his own safety, and accordingly the issue of contributory negligence is for the jury. *Hill* v. *Company*, 96 N. H. 14; *Whitney* v. *Fogg*, 96 N. H. 210; *Connors* v. *Turgeon*, 96 N. H. 479. The plaintiff testified that his speed was from thirty to thirty-five miles in a zone that was posted for a speed of forty miles per hour. This issue of speed was for the jury. The plaintiff in moving over to the right hand side of the highway and in applying his brakes at a point one hundred and twenty-four feet from the point of the collision took some care for his own safety.

The issue of defendant's negligence presents several issues for the jury. The plaintiff claims that he was deceived by the actions of the defendant into abandoning a safe course of action for one that resulted in the accident. There was no claim that the defendant was under any duty to leave his stopping place on the right hand side of the highway and make way for the motorcycle to pass, but that in starting to do so and suddenly stopping, he misled the plaintiff. If the driver of a motor vehicle at an intersection negligently acts so as to mislead another as to his own intentions and thereby causes injuries to the other who is in the exercise of due care, he is

liable. *Hladick* v. *Williams*, 292 Mass. 470; *Christensen* v. *Hennepin Transp. Co.*, 215 Minn. 394; 60 C. J. S. 829.

It is necessary for a jury to decide what the defendant did that the ordinary person of average prudence would not have done. The defendant testified that he had not started to make his left hand turn when the accident happened. As stated above, the claim of the plaintiff is that the car started to swing to the left and then all of a sudden came to a halt.

A further fact to be determined is whether the plaintiff was misled by the actions of the defendant so that the accident happened.

The defendant was bound to anticipate that the plaintiff would be misled by any movement of the defendant's car that was actually made, only if the ordinary person would have had such anticipation. "If there is some probability of harm sufficiently serious that ordinary men would take precaution to avoid it, then failure so to do is negligence." *Tullgren* v. *Company*, 82 N. H. 268, 276.

*Exceptions overruled.*

All concurred.