## Northern District

### No. 5262

**RICHARD P. CURREN**

**v.**

**FRANK P. RAO**

(August 14, 1959)

*Present:* Gadsby, P. J., Northrup & Kelleher, JJ.

Case tried to *Sherman, J.,* in the Fourth District Court of Eastern Middlesex. No. 1533 of 1957.

*Gadsby, P. J.* This is an action of tort brought by the plaintiff to recover the amount of property damage caused to his motor vehicle as a result of a collision between the plaintiff's vehicle and defendant's vehicle at the intersection of Route No. 62 and the Old Middlesex Turnpike on May 17, 1957. The defendant filed an answer setting forth a general denial, contributory negligence and violation of law.

There is no need of going into the testimony contained in the report. As in all these intersection cases, there is a conflict of testimony between the plaintiff and defendant as to who entered the intersection first. The defendant filed certain requests for rulings of law. Of these the Court denied requests numbered 3, 5 and 6. Request No. 3 is as follows:

3. Upon the evidence the Court is warranted in finding that the defendant [first] entered the intersection of Route No. 62 and the Old Middlesex Turnpike prior to the plaintiff.

The Court denied this request, finding that the plaintiff entered the intersection first.

Request No. 5 is as follows:

5. That the defendant does not have to come to a stop at the intersection line in order to comply with the law regarding the stoppage of motor vehicles for stop signs but may bring his vehicle to a stop at or near the stop sign.

Request No. 6 is as follows:

6. That the Court is warranted in finding that the defendant stopped his vehicle at or near the location of the stop sign and before reaching the intersection.

The Court denied requests No. 5 and No. 6, ruling that the statute is intended to require drivers to stop at a stop sign or at a place between the stop sign and the nearer line of the street intersection where he can see approaching traffic on the intersecting way.

The defendant contends, that because the judge ruled that drivers must stop at a stop sign or a place between the stop sign and the nearer line of the street intersection where he

can see approaching traffic on the intersecting way, that the judge has added a condition to the statute which is not included therein.

However, even if such were error, it is not prejudicial error because the Court has found as a fact that the plaintiff entered the intersection first and that his speed was fair and reasonable. The Court in brief, has found that the defendant was negligent and the plaintiff not guilty of contributory negligence.

The questions of negligence and contributory negligence are primarily questions of fact. The negligence of the defendant was a question of fact for the trial judge. *Hladick v. Williams,* 292 Mass. 470 at 473.

It would appear that the trial judge has submitted the crucial question of fact to himself as jury and no prejudicial error was committed.

*Therefore, the report is ordered dismissed.*

*Albert Green, Esq.,* 148 State St., Boston, for the Plaintiff.

*John A. Fiorentino, Esq.,* 459 Broadway, Everett, for the Defendant.