*Northern District*

## No. 8402

## BOSTON BAY PET FOOD CORP.
### v.
## CITY BANK & TRUST COMPANY

Argued: Jan. 22, 1976. Decided: May 4, 1976.

Case tried to *Tracy, J.,* in the Municipal Court of Roxbury. Number: 69575.

Present: *Flaschner, P.J.; Forte, Flynn, J.J.

For Defendant: Henry Gesmer.

**Flynn, J.** This is an action[1] in three counts of contract and tort to recover alleged damages for 3 checks drawn by the plaintiff on its account with defendant, which were paid by defendant in the ordinary course of business, said checks being allegedly stolen and forged. Defendant's answer contained a general denial and affirmative defenses of payment, contributory negligence and laches.

The court found for the plaintiff in the sum of $383.00.

*At the trial there was evidence tending to show:*

---

\* Chief Justice Flaschner participated in the hearing and post trial conference on this case but passed away prior to the rendition of the Opinion.

[1] Commenced in the Superior court of Suffolk County and transferred to the Municipal Court of Roxbury District.

Under the terms of a corporate resolution dated March 26, 1970, filed by the plaintiff with the defendant, Michael J. Gasperello, president of the plaintiff corporation, was authorized to sign checks drawn on the defendant bank in behalf of the plaintiff.

Three allegedly forged corporate checks bearing the name of Michael Gasperello as the signatory, drawn on the plaintiff's corporate account with the defendant, all payable to and endorsed by one Alan Tropeano, were paid by the defendant bank in December 1972.

When the plaintiff's president received the corporate bank statement for the month of December 1972 from the defendant he went to the defendant's branch bank at Newmarket Square to complain about two forged checks, one of which was undated. He was told that "it was his problem." The third check was returned with the January 1973 corporate bank statement. No written notice was ever given by the plaintiff to the defendant in respect to the forged checks which totalled $383.00.

Plaintiff's checkbooks were kept in a filing cabinet at night but during the day were kept in and on a desk in the area of the plaintiff's business establishment where vendors selling goods to the plaintiff had constant access. The plaintiff had been overdrawn in its checking account on several occasions.

The trial court made the following findings of fact:

"Plaintiff's president was the only person authorized to sign checks in its account with the defendant's bank. The books were kept in a file cabinet which was locked at night but opened sometimes during the day. When he examined his December statement he found two checks which were obvious forgeries and one had no date on it. He at once went to the defendant's branch manager and complained. A third forged

check came in his January statement. He again complained but the manager told him it was his problem. The defendant offered no evidence.

I find that the defendant should have known that the signatures were forgeries, that no negligence or default on the part of the plaintiff contributed to the fraud and that adequate notice was given to the defendant's agent."

The defendant claims to be aggrieved by the denial of the following requests for rulings which it filed at the close of the evidence and prior to final argument:

1. City Bank & Trust Company was a holder in due course of each of the checks declared upon for it took each check for value, in good faith, and without notice—of any defense against or claim to it on the part of any person. (Mass. Gen. Laws, c. 106, §3-302).

2. None of the checks declared upon bore such evidence of forgery as to call into question its validity, terms or ownership. Accordingly, it cannot be held that the bank had any notice of a claim or defense thereto. (Gen. Laws c. 160, §3-304).

6. There is evidence to warrant a finding that plaintiff was negligent in permitting its checks to be accessible to unauthorized persons, and that by reason thereof, plaintiff is barred from any recovery against the defendant.

7. If the court shall find that the plaintiff's bank checks had been stolen, there is evidence to warrant a finding that the plaintiff was negligent in not notifying defendant that its checks had been stolen and requesting that payment be stopped.

We uphold the trial justice in his rulings. Because of the specific finding of fact of the justice to the effect that the defendant should have known that the sig-

natures on the checks were forgeries the bank is precluded from qualifying as a holder in due course under G.L.c. 106, §3-302. That section of the Uniform Commercial Code defines a holder in due course as one who takes an instrument without notice of any defense against it on the part of any person. Then in turn G.L.c. 106, §3-304 states that a purchaser has notice of a defense if the instrument is so incomplete, bears such visible evidence of forgery or alteration, or is otherwise so irregular as to call into question its validity.

Here, the justice's finding that the instruments were obvious forgeries is supported by the physical exhibits admitted at the trial and included as part of the report. Findings of fact of a trial justice if warranted upon the evidence can not be reversed by this Division and must stand. *Glazier v. Andrews,* 349 Mass. 417, 418 (1965). *McDonald v. Adamian,* 294 Mass. 187, 190 (1936).

Request #2 was properly denied, therefore, as it is runs contrary to a fact specificially found and which finding was warranted upon the evidence. Accordingly, if the plaintiff had a defense which, as the trial justice found, should have been known to the defendant, the defendant could not qualify as a holder in due course and request #1 was also rightly denied.

Request #6 could have been allowed because the question of negligence is ordinarily one of fact which the trial court can decide either way. *Hladick v. Williams,* 292 Mass. 470, 473 (1935). *Morton v. Dobson,* 307 Mass. 394, 397 (1940).

However, the specific finding that the defendant should have known that the signatures were forgeries rendered the requested ruling immaterial. *Russell v. First National Stores, Inc.,* 335 Mass. 768 1957). *Horton v. Tilton,* 325 Mass. 79, 80 (1949).

Request #7 could have likewise been allowed as bearing on the question of contributory negligence on the plaintiff's part which is another question of fact. However, again, the justice's specific finding of no contributory negligence rendered the requested ruling immaterial. *Cornell v. Maynard,* 322 Mass. 245, 246 (1948).

We find no prejudicial error. **Report dismissed.**