JACKSON CALDWELL COMPANY *vs.* LUIGI POTO.

Suffolk.    January 12, 13, 1920. — February 25, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Municipal Court of the City of Boston,* Report to Appellate Division. *Contract,* What constitutes, Implied. *Evidence,* Presumptions and burden of proof.

No appeal lies from a denial by the Appellate Division of the Municipal Court of the City of Boston of a petition to establish the truth of a report, which, upon its presentation for allowance to the trial judge of the court, had been disallowed by him.

In an action upon an account annexed for a balance alleged to be due for furniture sold to the defendant and delivered to his daughter, the burden of proof is upon the plaintiff to prove by a fair preponderance of the evidence that the goods were sold to the defendant.

The circumstances, in the action above described, that the father made payments of considerable amounts upon the purchase price of a number of items of furniture for the home of his married daughter and that a few chairs included in the items in the account annexed to the declaration were delivered at his place of business, although important as evidence were *held* not as a matter of law to be decisive in fixing liability upon the father.

At the trial of the action above described, the judge excluded evidence tending to show that the defendant suggested to the plaintiff that efforts be made to collect the bill for the furniture from the daughter's husband. *Held,* that the exclusion was proper.

CONTRACT upon an account annexed for furniture. Writ in the Municipal Court of the City of Boston dated October 24, 1917.

The material evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence, the plaintiff asked for the following rulings:

"1. Upon all the evidence the plaintiff is entitled to recover the full amount.

"2. The burden of proof is upon the defendant to show payment.

"3. The burden of proof is upon the defendant to show that he did not receive the goods, that he did not contract for the said goods, and that he did not hold himself out to the plaintiff as the party responsible and liable for the value of said goods.

"4. Upon all the evidence, the burden is upon the defendant to prove that he did not agree to pay for said goods, and that he did not hold himself out as the party liable for said goods."

The judge gave the second ruling and refused the others, and found for the defendant.

The plaintiff presented a draft of a report to be made by the judge to the Appellate Division, which the judge disallowed as not conformable to the truth. The plaintiff thereupon filed with the Appellate Division a petition to establish the report prepared by him. The petition was denied and the plaintiff filed a claim of appeal therefrom.

The judge filed with the Appellate Division a report prepared by himself. The Appellate Division dismissed the report; and the plaintiff appealed.

*J. A. Vitelli,* for the plaintiff.

*G. H. Shields,* for the defendant, was present in court, but submitted no argument or brief.

RUGG, C. J. This case comes before us on appeal from the Municipal Court of the City of Boston. The plaintiff filed a draft report alleged by it to be conformable to the truth, which was disallowed by the judge who tried the case. Its petition to establish the draft report was denied by the Appellate Division. That decision is final. *Cohen* v. *Berkowitz,* 215 Mass. 68. The case must be considered on the footing of the report prepared and allowed by the judge. The draft prepared by the plaintiff must be disregarded. Speaking accurately, it is no part of the record.

The action is in contract to recover a balance due on an account annexed for furniture delivered to a married daughter of the defendant. In the report is the statement that "There was no evidence that the defendant purchased the goods declared on, or directed them to be charged to him, other than the fact that the charge appeared on the plaintiff's books showing that they were charged to the defendant in the usual course of business. The conversation that occurred at the time of the purchase was not remembered by any witness so as to be of any value. The de-

fendant denied that he purchased the goods or directed them to be charged to him." He was with his daughter when the goods were purchased and made payments on the account from time to time.

The burden of proof was upon the plaintiff to prove by a fair preponderance of the credible evidence that the goods were sold to the defendant. It is enough to dispose of the case to say that that was wholly a question of fact. The judge might have disbelieved every part of the plaintiff's evidence inconsistent with the denial of the defendant. *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314. *Commonwealth* v. *Russ,* 232 Mass. 58. The circumstances that a father makes payments of considerable amounts upon furniture for the home of his married daughter, or that a few of the chairs were delivered at the defendant's place of business, although important as evidence, are not decisive in fixing legal liability in contract upon him. It is rarely that it can be ruled as matter of law that the burden of proof resting upon a party has been sustained. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 453. This case does not belong to that class.

No error of law is disclosed in the findings made, and they are not inconsistent with each other or with admitted facts.

Whether the defendant ever suggested to the plaintiff or its agent that efforts be made to collect the bill of his son-in-law was irrelevant to the issue whether the defendant made the contract in suit. Questions upon that point were excluded properly.

The several requests which were denied were dealt with rightly.

*Order dismissing report affirmed.*