FRANK H. HILL *vs.* THE CREDITORS NATIONAL CLEARING HOUSE.

Suffolk.    December 5, 1934. — February 11, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Agency*, Scope of authority.

On all the evidence, a finding was warranted that an attorney at law, in whose hands a corporation conducting a collection business had placed for collection a claim of a subscriber to its service and to whom an automobile had been ordered assigned in supplementary proceedings brought by him in behalf of the subscriber, was an agent of the corporation with authority to contract in its behalf with the proprietor of a garage for towing and storage of the automobile and for the furnishing of certain accessories thereto.

CONTRACT.  Writ in the Municipal Court of the City of Boston dated August 25, 1933.

The action was heard in the Municipal Court by *Adlow, J.*  Material evidence and requests by the defendant for rulings are described in the opinion.  The judge found for the plaintiff in the sum of $69 and interest.  A report to the Appellate Division was ordered dismissed.  The defendant appealed.

*N. B. Vanderhoof*, (*R. H. Peacock* with him,) for the defendant.

No argument nor brief for the plaintiff.

CROSBY, J.  This is an action of contract in which the plaintiff seeks to recover for nine months' storage of an automobile, together with certain towing charges and charges for accessories.  The declaration consists of a single

count on an account annexed. The answer is a general denial.

The evidence tended to show the following facts: On or about November 8, 1932, a constable named Charles W. Duran communicated by telephone with the plaintiff and asked him to go out to Malden and tow in a sedan. This automobile had been ordered assigned to Lester W. Edwards or Massachusetts Bonding and Insurance Company as a result of supplementary process proceedings against one Orme, brought by Lester W. Edwards, attorney, acting in behalf of Massachusetts Bonding and Insurance Company, the creditor. Duran received his instructions to "pick up" the automobile from Mr. Edwards. The automobile came into the plaintiff's garage on or about November 8, 1932, having been brought in by the plaintiff and Duran. The plaintiff testified from his original bookkeeping record card, which he said he kept himself, that when the automobile came in he made out a card for The Creditors National Clearing House and entered the storage charges on the card from month to month. From the time the automobile came into the garage up to the time the action was brought, the plaintiff made no inquiry of any kind of the officers of The Creditors National Clearing House or of anybody else as to whether Duran or Mr. Edwards was authorized to request services to be rendered or disbursements to be made for the account of the clearing house. About three months after the automobile had been brought in to the plaintiff's garage, he called up The Creditors National Clearing House by telephone and talked with one Robinson, who was vice-president and assistant general manager of the defendant, and told him that there was an automobile in his garage brought in by Duran and it needed some repairs. Robinson said he did not know anything about it and transferred the plaintiff to Mr. Edwards, the attorney handling the case. Mr. Edwards ordered made the repairs which were made. Duran testified that, when he brought the automobile in, nothing was said as to whom the plaintiff was to look to for payment; he simply told the plaintiff he was acting on instructions from Mr. Edwards.

Between November, 1932, and August, 1933, no bills or statements for the charges which had accrued on the sedan had been sent to anyone. In August, 1933, a bill of $69 was sent by the plaintiff to The Creditors National Clearing House. This bill was promptly returned with a letter stating that the clearing house was surprised to receive any such bill, that it did not own the sedan and had no interest in it, and that it was placed in storage by no one authorized by he defendant corporation.

Duran further testified that he was a constable; that he was not on salary for the clearing house, and was not one of its officers; that he reported every morning at the office of the clearing house to see if there was any work for him to do, and he was paid his constable fees for the work which he did as he did it; that on cases which he handled for Mr. Edwards, he made his bills out to The Creditors National Clearing House, delivered them to Mr. Edwards, who "O.K.'d" them, and was paid by the clearing house.

The Massachusetts Bonding and Insurance Company was a subscriber to the collection service of the defendant. Mr. Edwards was an attorney at law, and had his office at 210 Lincoln Street, the place of business of the defendant. When the defendant received authorization for suit for the Massachusetts Bonding and Insurance Company, the claim was turned over to Mr. Edwards, who was advised that there was $7.50 to cover disbursements on hand, and that that was all there was on hand. Prior to the time this claim was placed with Mr. Edwards for handling, he had been instructed by the clearing house that in no case was he to take any action in any case in his hands which involved an expenditure of disbursements in excess of the amount advanced by the subscriber. The contract between the clearing house and the subscriber, Massachusetts Bonding and Insurance Company, provided that the clearing house, as agent for the subscriber, was authorized to place any claim in the hands of an attorney for collection. There was no evidence that these instructions to Mr. Edwards or the provision in the contract between the subscriber and the defendant had been brought home to the plaintiff. From

the time the claim was placed in the attorney's hands for collection, the attorney had sole control over it and corresponded directly with the subscriber in regard to it. The attorney's name alone appeared on all papers filed in court in connection with the case, and he alone instructed constables and sheriffs in the handling of the case. The defendant did not know anything about this automobile until it received a bill from the plaintiff in August of 1933, which bill was returned with a letter disclaiming liability. A search of the defendant's cash payment records was gone into for a period of six years back, and it was disclosed that at no time in the past had the defendant ever paid out any money to the plaintiff or had any dealings with him.

The record contains all the evidence material to the questions reported. After the close of the evidence the defendant presented six requests for rulings. The fourth request is "That the plaintiff has failed to maintain such burden of proof [that the services and accessories for which the plaintiff sought to recover were furnished at the request of an authorized agent of the defendant] by a fair preponderance of the evidence." The sixth request is "That on all the evidence the plaintiff is not entitled to recover." The judge found for the plaintiff and denied requests numbered 4 and 6. The defendant claiming to be aggrieved by the refusal to rule as requested, the judge reported the case to the Appellate Division, who ordered the report dismissed; from this order the defendant appealed.

It is the contention of the defendant that the evidence did not warrant a finding that Mr. Edwards was the agent of the defendant; that if such agency existed there was no evidence that he was expressly authorized by the defendant to contract in its name for the towing and storage of the automobile or for the accessories furnished by the plaintiff, nor evidence that the defendant ratified the contract made by Mr. Edwards with the plaintiff. The defendant further contends that if it be assumed that the relationship of principal and agent existed, a finding upon

all the evidence that Mr. Edwards had apparent or implied power so to act for the defendant was not warranted as matter of law. We are of opinion that these contentions cannot be sustained. It is apparent from the evidence recited in the report and the rational inferences to be drawn therefrom that it could be found that Mr. Edwards was the agent of the defendant, and was authorized to enter into the contracts for towing and storage of the automobile and for the accessories, for which the plaintiff seeks to recover in this action. A general finding will stand if there is any evidence to support it. *Ashapa* v. *Reed*, 280 Mass. 514, 516. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. "The finding of the trial judge imports a finding of all facts necessary to the conclusion reached permissible in any view of the evidence." *Ferreira* v. *Zaccolanti*, 281 Mass. 91, 92.

The refusal to give the defendant's fourth and sixth requests, which, in substance, are that on all the evidence the plaintiff cannot recover, was not erroneous. The entire issue presented was one of fact. The burden of proof was upon the plaintiff. Whether he had sustained it was a pure question of fact. The trial judge may have disbelieved the evidence of the defendant. *Eddy* v. *Johnston*, 250 Mass. 299. *Holton* v. *Denaro*, 278 Mass. 261, 262.

*Order dismissing report affirmed.*