Pettingell, P. J.
These are four actions of tort brought by the occupants of an automobile after a collision between the car in which they were riding with one alleged to be owned and operated by the defendant. The four cases were tried together in the District Court and on appeal were consolidated in one report made by the trial judge “as a matter of discretion”. In the original report filed by him he stated he reported the case “as a matter of discretion upon two issues, the sufficiency of the evidence first as to the identity of the defendant and second as to the defendant’s negligence”. This Division, pointing out that under the statute the trial justice had no authority to report particular issues, but only the entire case, returned the report for amplifications, correction or other amendment.
The trial justice then amended the report to read, “I report the case as a matter of discretion upon three issues, *388 the sufficiency of the evidence as to the identity of the defendant, as to the defendant’s negligence, and as to the contributory negligence of any of the plaintiffs.” It would have been better practice if he had simply reported the case without more, but a study of the report having shown that only three issues were raised by the requests for rulings filed and that these issues were all reported in the amended report, this Division deals with the report as properly made.
The plaintiffs sue for injuries received when the automobile in which they were riding, attempted to pass the automobile alleged to be owned and operated by the defendant which had been preceding them. There was a snow storm at the time, and the automobile ahead slowed down. The operator of the plaintiff’s car turned to the left to pass the other car. That car also turned to the left and the car in which the plaintiffs were riding struck it. There was a finding for the plaintiffs.
The issues of law which are the basis of the appeal were raised by certain rulings requested by the defendant and denied by the trial judge. The rulings requested, which were all denied except the one numbered 5, were as follows:
“The plaintiff has failed to prove by a fair preponderance of the evidence the allegations in her declaration.” This was request 1 in the case of each of the plaintiffs.
“The evidence does not warrant a finding that the defendant was negligent.” This was request 2 in the case of each of the plaintiffs.
“Upon all the law and the evidence the plaintiff is not entitled to recover.” This was request 3 in the case of each of the plaintiffs.
“The plaintiff cannot recover if she trusts to the driver of the vehicle in which she was a passenger the sole care and management of it and relies solely on the *389 vigilance of and care of the driver and the driver is negligent.” This was request 4 in the cases of all the plaintiffs except that of the plaintiff Marshall in which case no such request was made.
“If the plaintiff either saw or should have seen the motor vehicle of the defendant before the collision and failed to warn the driver of any danger, then the plaintiff was not in the exercise of due care.” This was request 5 in the cases of all the plaintiffs, except that of the plaintiff Marshall in which no such request was made. This request was given in the other three cases.
“There is no evidence to identify the defendant named herein as the person who was driving the automobile that struck the automobile in which the plaintiff was riding and therefore the finding must be for the defendant. ’ ’ This was request 6 in the cases of all the plaintiffs, except that of the plaintiff Marshall in which case it was request 4.
In addition to the issues raised by the denial of these requests, the plaintiffs have attempted to raise another issue by filing in this Division two motions. One of these is a motion to dismiss the report, first, because there has been a failure to comply with the Rules of the District Courts regarding the reporting of the case, and, second, because the report fails to present proper issues for final determination. The other motion is to strike out the report “for the reason that the defendant failed to comply with Rule 10 of the District Court”. The defendant’s contentions with regard to these motions center about his argument that the report has not been prepared and filed in accordance with the District Court Rules.
These motions will be considered first.
At the outset it is to be noted that the original report contains a recital that before a report had been allowed by the trial judge, the defendant violated Rule 28, by failing to deliver a copy of the draft report to the trial judge, and *390 that thereupon, the plaintiffs filed a motion to dismiss the request for a report and the draft report which motion the trial judge allowed. The recital continues, “Inasmuch as the defendant was thus deprived of his right to a report, I report the case as a matter of discretion”.
The authority of a trial judge to report a case in this manner is based not upon the District Court Buies, but upon General Laws (Ter. Ed.) C. 231, Section 108. As was said in East Hampton Bank & Trust Co. v. Collins, 287 Mass. 218, at page 219, “the trial judge exercised his power, under that part of G. L. (Ter. Ed.) C. 231, Section 108, which was inserted by St. 1931, C. 325, and St. 1931, C. 426, Section 116, to make a voluntary report of the case to the Appellate Division.”
At the time when the trial judge decided to make a voluntary report under the statute, the procedure for preparing a report, provided for by the District Court Buies, was at an end. That procedure ended when the trial judge allowed the plaintiff’s motion to dismiss the request for a report and the draft report. No more steps could be taken under the rules. The trial judge then invoked the power given him by the statute and voluntarily reported the case» The use of a voluntary report in a case where the appellant has failed to comply with the formalities to be observed in perfecting an appeal, but has a meritorious case which the trial judge believes should be presented to the appellate tribunal, is a common and well recognized practice. Reed v. Home Savings Bank, 130 Mass. 443, at 444. Smith v. Lincoln, 198 Mass. 388, at 390. Strong v. Carver Cotton-Gin Co., 202 Mass. 209, at 212. Lee v. Blodgett, 214 Mass. 374, at 375. Chertok v. Dix, 222 Mass. 226, at 228. Leland v. United Commercial Travellers of America, 233 Mass 558, at 560, 561. Everett-Morgan Co. v. Boyajian Phar *391 macy, 244 Mass. 460, at 463. Brown v. Grow, 249 Mass. 495, at 499.
The rules of the District Court prescribe the manner in which a report ordinarily is to be framed and allowed. A draft report is to be filed, hearings on the draft report are provided for, copies are to be given to adversary parties and the trial judge. All of this practice precedes the allowance of the report. It ends when the trial judge, as he did here, dismisses the request for a report and the draft report. Everything that either party can do has then been done. Everything is ended except the statutory power of the judge to report the case. The District Court Rules do not deal with this and do not prescribe either what is to be done or how it is to be done. ‘ ‘ The report * * * is that of the judge, and he may make it conform to what he believes to be the truth in any way he desires # * *. Kelly v. Foley, 284 Mass. 503, 509.” Santosuosso v. Della Russo, 300 Mass. 247, at 249, 250. When it is a voluntary report, made under the statute, the trial judge is acting apart from the District Court Rules. They do not apply to the situation.
The motion to dismiss the report, and that to'strike it out, are each denied.
There was no error in the denial of the first ruling requested which was common to all the cases. The usual rule is that whether or not the burden of proof has been sustained is a matter of fact. Mercier v. Union Street Ry., 230 Mass. 397, at 404. Jackson Caldwell Co. v. Poto, 235 Mass. 58, at 60. Claffy v. Fenelon, 263 Mass. 427, at 430. Lennon v. Cohen, 264 Mass. 414, at 426. Holton v. Denaro, 278 Mass. 261, at 262. Hill v. Creditors National Clearing House, 289 Mass. 437, at 441. Crowley v. Freeman, 291 Mass. 105, at 106. Commonwealth Investment Co. v. Fellsway Motor Mart Inc., 294 Mass. 306, at 314. It rarely can be ruled *392 upon as matter of law, that the party having the burden of proof has borne that burden, especially when as here the evidence is oral, or depends upon inferences of fact to be drawn from the circumstances. Patterson v. Ciborowski, 277 Mass. 260, at 267. Hannuniemi v. Carruth, 278 Mass. 230, at 232. Winchester v. Mission, 278 Mass. 427, at 428. Salem Trust Co. v. Deery, 289 Mass. 431, at 432. The converse of this principle is necessarily true, also. It is rarely that it can be ruled as matter of law, under such circumstances, that the burden of proof has not been sustained. Warner v. Fuller, 245 Mass. 520, at 530. There is nothing in these eases to take them out of the ordinary rule.
There was no error in the denial of the second request, common to all the cases. There was evidence coming from statements of the driver of the car struck, that he noticed two cars ahead of him obstructing the roadway and that he came to a stop behind one of them at a “slight angle” and then was struck ‘ from the rear ’ ’. There was other evidence that there was only one ear stopped ahead of the car which was struck, that the roadway was twenty feet wide, that there was ample room for the plaintiff’s car to pass safely, that its horn was blown, but that the car ahead turned to its left and the plaintiff’s car struck it “in the left rear side”. From this evidence, in part contradictory, the trial judge could have found that the defendant was negligent in making a left turn in front of the plaintiff’s car. Wood v. Sabins, 289 Mass. 299, at 301. Golden v. Carnivale, 273 Mass. 159, 161. Kzowski v. Johnowics, 287 Mass. 441, at 443. Hladick v. Williams, 292 Mass. 470, at 472, 473.
There was no error in the denial of the third requested ruling which was common to all of the plaintiffs’ cases. The request does not comply with District Court Rule 27, District Court Rules (1940 Ed.), the ruling requested con *393 taining no specifications as required by that rule. A request worded as this one is, “Upon all the law and evidence”, is within the rule, Caruso v. Shelit, 282 Mass. 196, at 198.
In all of the cases except that of the plaintiff Marshall, two requests were filed numbered four and five, dealing with the contributory negligence of passengers in an automobile. The request numbered five was given. The request numbered four is objectionable in the vagueness of its language, and of the legal principle it was intended to set forth. Passengers have nothing to do with the care and management of a vehicle. Their duty, for their own protection, is seasonably to warn the operator of facts of which he should have notice. The request is objectionable also because it presupposes a finding of negligence on the part of the driver, a fact which the trial judge did not find and one which was not necessarily to be inferred as matter of law. Bradley v. Meltzer, 245 Mass. 41, at 43. Shay v. Gagne, 275 Mass. 386, at 390. Mahoney v. Norcross, 284 Mass. 153. Simpson v. Eastern Massachusetts Street Railway Co., 292 Mass. 562, at 565, 566.
There remains for consideration the request numbered six in all of the cases except that of the plaintiff Marshall in which it is numbered four.
That request raises the issue of the identity of the operator of the car alleged to be owned and operated by the defendant, the most substantial issue raised by the appeals.
The report reads, “There was evidence tending to show that the accident occurred” and then states the time, place and details of the accident. In this recital of the evidence it appears that the car alleged to be the defendant’s was “operated by a young man” who identified himself as Arthur DiPaolo, Waushakum Street, Framingham; that after the accident he took some of the plaintiffs to the hospital *394 and one to her home and later was seen by a police officer as the operator was making out a report of the accident which was in evidence. This report describes the maker as Arthur DiPaolo, 84 Waushakum Street, Framingham, Mass,, and gives his age as 24 and his operator’s license as 556129. It describes Arthur DiPaolo as the operator of a car which is described in the report as a ’36 Graham Tudor Sedan. This is all the data there is in the report about the operator.
The defendant was not present in court. This was within his rights. No inference can be drawn against him from his absence. Hinds v. Bowen, 268 Mass. 55, at 59. Neither was the young man present at the trial who at the time of the accident identified himself as Arthur DiPaolo. No witness testified that the two are the same person, and there was no testimony as to the age or other physical characteristics of the defendant, or any testimony as to the "make of any car owned by him, its age, type, or registration number. There was no evidence that the defendant lives on Waushakum Street in Framingham. When the evidence is carefully analyzed it is apparent that the operator of the car struck by Miss Marshall’s car gave the same name as that of the defendant, but that no facts were testified to which tended to show that the defendant and the operator of the Graham car are the same person, and no facts from which such an inference properly can be drawn. Similarity of name alone has been held not to be sufficient evidence of identity. There must be other facts in evidence which enlarge and complete the picture presented by the similarity of names. Dolan v. Mutual Reserve Fund Life Association, 173 Mass. 197, at 202. Ayers v. Ratshesky, 213 Mass. 589, at 594. Hinds v. Bowen, 268 Mass. 55, at 58, 59. Souza v. Metropolitan Life Insurance Co., 270 Mass. 189, at 192. Gases like Smith v. Paul Boynton Co., 176 Mass. 217, at 220. *395 Portland Maine Publishing Co. v. Eastern Tractors Co., 289 Mass. 13, at 16, 18, involving corporations and corporate names are distinguishable.
All that there is in this case on the issue of identity are the facts that the operator of a Graham 1936 Tudor Sedan, Massachusetts registration number 298350, possessing an automobile license numbered 556129, gave his age as 24, his residence as 84 Waushakum St., Framingham, and his name as Arthur DiPaolo, which is the same name as that of the defendant whose age and address are not known, who may or may not be the owner or operator of a car. As far as the defendant is concerned there is no evidence as to his ownership, registration or operation of an automobile or the possession of a license to operate one. The only fact introduced in evidence,which is common to the two individuals is the name. This similarity is not enough to establish identity.
Nor are the plaintiffs helped by the facts found by the trial judge relating to this issue. In four instances in the “Findings and Rulings” of the trial judge there are mentions of things done by “the defendant.” In addition, he describes the car in which the plaintiffs were riding as being behind “the other car which will hereafter be referred to as the defendant’s car.” This is very apparently not a statement of a fact found but a method of identifying a vehicle.
Taking up in detail the four instances already mentioned, the trial judge found that “the defendant'was operating the car” which was struck. Inasmuch as the defendant by a proper request for a ruling raised the issue that there was no evidence to identify the defendant as the operator of that car, the trial judge’s finding can stand only if the report demonstrates that there was such evidence. If there was no such evidence it was error to deny the request. Hill *396 yer v. Dickinson, 154 Mass. 502, at 504. Conrad v. Mazman, 287 Mass. 229, at 234, 235. Beggelman v. Romanow, 288 Mass. 14, at 16, 17, 20. In the face of such a request the absence of such evidence cannot be cured by a finding of' fact for which such evidence as there was furnishes no basis.
This applies particularly to the finding that “the defendant was operating the car which swung to the left.” That statement of the trial judge is a valid finding only if there was evidence to support it.
In discussing the testimony of Sergeant Anderson who saw the operator of the car struck, when that person was making out the account of the accident which was signed “Arthur DiPaoli,” there is nothing in his testimony as reported by the trial judge in the first part of the report, which states or suggests that Sergeant Anderson knew either Arthur DiPaolo or the defendant, or identified them as the same person. In the trial judge’s “Findings and Rulings,” Anderson’s testimony is stated to have been that “the defendant” made out the report and that Anderson saw him doing it. We are of the opinion that this is not an actual identification of the person who made out the report, but an expression of the trial judge’s opinion that the similarity of names was a sufficient identification. There is nothing in Anderson’s testimony as originally reported which can be construed to be an identification. It is to be noted that that testimony contains no suggestion that Anderson knew or ever had seen the defendant.
In the same way the witness Fahey, testified according to the trial judge’s “Findings and Rulings,” that “the defendant” took two of the plaintiffs to the hospital. In the report of the evidence the statement is that “the young man who was in the collision took some of the plaintiffs to the hospital.” There was no identification in that evidence.
*397 The situation is not helped by the statement of the trial judge in the report, “This report including the evidence reported in the Court’s memorandum of findings contains all the evidence material”; because of the ruling requested, this statement puts upon this Division the responsibility of deciding what parts of the “Memorandum” are purely statements of evidence and what parts are findings. On this issue of identification it is our opinion that no evidence supporting an identification is to be found in the “Findings and Rulings” but only the trial judge’s conclusions of fact which we do not find to be warranted by the evidence actually reported.
Nor do we think that the plaintiff’s case is aided by General Laws (Ter. Ed.) C. 231, Section 85A and the presumption created thereby. No presumption can be created against the defendant unless it is first shown that he was the owner of “the car which was struck.” The difficulty of identification must be overcome before the statute can apply.
We are of opinion that there was no evidence of the identification of the operator of the car struck, who gave his name as Arthur DiPaolo, with Arthur DiPaolo, the defendant, and that therefore, it was prejudicial error to deny the request dealing with identification which was number four in the plaintiff Marshall’s case and number six in each of the other cases.
Since a correct disposition of this request would have disposed of the cases in favor of the defendant the findings for the several plaintiffs are to be vacated and judgments entered in each case for the defendant. Beggelman v. Romanow, 288 Mass. 14, at 20.